Glaubach v Slifkin (2019 NY Slip Op 02855)





Glaubach v Slifkin


2019 NY Slip Op 02855


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2016-09969
 (Index No. 702987/15)

[*1]Felix Glaubach, etc., respondent, 
v
David Slifkin, et al., defendants, Personal Touch Holding Corp., et al, nominal defendants-appellants.


Ruskin Moscou Faltischek, P.C., Uniondale, NY (Jonathan C. Sullivan of counsel), for nominal defendants-appellants.
The Wilder Law Firm, New York, NY (Nick Wilder of counsel), for respondent.



DECISION & ORDER
In a shareholder's derivative action, the nominal defendants appeal from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated July 22, 2016. The order, insofar as appealed from, denied the motion of the nominal defendants pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the nominal defendants pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them is granted.
The background facts as to this action are set forth in this Court's decision and order on a companion appeal (see Glaubach v Slifkin, ___ AD3d ___ [Appellate Division Docket No. 2016-01265; decided herewith]).
The evidence submitted in relation to the nominal defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint, like the evidence at issue in the companion appeal, conclusively demonstrated that prior to commencing this shareholders' derivative action, the plaintiff did not demand that the corporation's board of directors take specific action (see Glaubach v Slifkin, ___ AD3d ___ [Appellate Division Docket No. 2016-01265; decided herewith]). Further, the plaintiff failed to adequately plead that such a demand would be futile (see id.). Accordingly, the Supreme Court should have granted the motion of the nominal defendants pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.
In light of our determination, we need not reach the nominal defendants' remaining contentions.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court